# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12153 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>CANADIAN NATIONAL RAILWAY COMPANY,<br><br>Defendant. | Adv. Pro. No. 21-50205 (KBO) |

## ANSWER OF CANADIAN NATIONAL RAILWAY COMPANY TO COMPLAINT

Canadian National Railway Company ("Defendant" or "CNR") answers the Complaint filed by George L. Miller, in his capacity as chapter 7 trustee of Bayou Steel BD Holdings, L.L.C., *et al.* ("Plaintiff"), for the estates of the above-captioned debtors (the "Debtors") in the above-captioned jointly administered cases pending under chapter 7 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") as follows:

## THE PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

## **JURISDICTION AND VENUE**

4. No response is necessary. To the extent the Court deems a response necessary, it is denied.

5. No response is necessary. To the extent the Court deems a response necessary, it is denied.

6. No response is necessary. To the extent the Court deems a response necessary, it is denied.

7. Admitted.

8. No response is necessary. To the extent the Court deems a response necessary, it is denied.

9. Admitted that certain payments were made by the Debtors to CNR, however, CNR is not presently in a position to state whether all the payments listed in Exhibit B were made on the dates noted. To the extent the Court deems a more detailed response is necessary, it is denied.

10. Admitted that certain payments were made by the Debtors to CNR, however, CNR is not presently in a position to state whether all the payments listed in Exhibit B were made on the dates noted. To the extent the Court deems a more detailed response is necessary, it is denied.

11. No response is necessary. To the extent the Court deems a response necessary, it is denied.

12. CNR repeats and realleges its responses contained in each preceding paragraph as though set forth fully herein.

13. Admitted that certain payments were made by the Debtors to CNR, however, CNR is not presently in a position to state whether all the payments listed in Exhibit B were made on the dates noted. To the extent the Court deems a more detailed response is necessary, it is denied.

ME1 36579403v.1

14. CNR is unable to admit or deny the allegations contained within this paragraph of the complaint. As such, they are deemed denied.

15. CNR is unable to admit or deny the allegations contained within this paragraph of the complaint. As such, they are deemed denied.

16. CNR is unable to admit or deny the allegations contained within this paragraph of the complaint. As such, they are deemed denied.

17. CNR is unable to admit or deny the allegations contained within this paragraph of the complaint. As such, they are deemed denied.

18. CNR is unable to admit or deny the allegations contained within this paragraph of the complaint. As such, they are deemed denied.

19. CNR is unable to admit or deny the allegations contained within this paragraph of the complaint. As such, they are deemed denied.

20. Admitted.

21. Denied.

22. CNR repeats and realleges its responses contained in each preceding paragraph as though set forth fully herein.

23. Denied.

24. Denied.

25. CNR repeats and realleges its responses contained in each preceding paragraph as though set forth fully herein.

26. Admitted.

27. Denied.

28. Denied.

## GENERAL DENIAL

CNR generally denies any liability to the Plaintiff. To the extent any allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

## AFFIRMATIVE DEFENSES

CNR gave new value to or for the benefit of the Debtors in exchange for allegedly preferential transfers received by CNR, and such value was not secured by an otherwise unavoidable security interest and because of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of CNR.

Allegedly preferential transfers received by CNR were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and CNR.

To the extent that allegedly preferential transfers received by CNR included charges for taxes, government fees, etc., CNR is a mere conduit for the amounts paid to satisfy such charges.

Any transfers received by CNR from the Debtors were taken for good faith and for reasonably equivalent value.

## RESERVATION OF RIGHTS

CNR expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, the Defendant, Canadian National Railway Company, respectfully requests that judgment be entered in its favor against the Plaintiff on all counts of the Complaint, and that CNR be awarded its costs and expenses to the extent provided by law, together with such other and further relief as this Court may deem just and proper.

Dated: May 25, 2021

**McCARTER & ENGLISH, LLP**

/s/ *William F. Taylor, Jr.*
William F. Taylor, Jr. (DE Bar #2936)
405 N. King St., 8th Floor
Wilmington, DE 19801
Tel: (302) 984-6300
Fax: (302) 984-6399
Email: wtaylor@mccarter.com

and

**FLETCHER & SIPPEL LLC**
Michael J. Barron, Jr., Esq.
29 North Wacker Dr, Suite 800
Chicago, IL 60606-3208
Tel: (312) 252-1500
Fax: (312) 252-2400
Email: MBarron@fletcher-sippel.com

*Counsel for Canadian National Railway Company*